IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST HOWARD SHARPLEY,

    Plaintiff,                        CV F 05 0182 OWW WMW P

  vs.                              ORDER GRANTING LEAVE TO
                                     FILE AN AMENDED COMPLAINT

C/O TODD HOLLEY,

    Defendant.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi,  brings this civil rights action against defendant Correctional Officer Todd Holley, an employee of the Department of Corrections at the Sierra Conservation Center.

       Plaintiff's  claims in this complaint arise from an altercation between Plaintiff and C/O Holley.  On March 31, 2004, Plaintiff exited his cell in order to go to "pill line" and get his medication. C/O Holley advised Plaintiff that he had missed pill line.  Plaintiff was directed to return to his cell.  Plaintiff requested to speak to a Sergeant. Plaintiff alleges that Holley became agitated, and ordered plaintiff to face the wall.  Plaintiff alleges that he "was then

1

ordered to face the wall and cuff up.  Petitioner complied to the demand and was slammed into the wall face first by Officer Holley instead of being escorted to speak with a Sergeant.  Petitioner was then slammed to the concrete floor, where Officer Holley placed his knee on the back of petitioner's neck and applied handcuffs.  Petitioner was accused of striking Officer Holley in the chest and placed in Administrative Segregation."

Plaintiff sets forth two claims.  Plaintiff claims that he was subjected to excessive force, and that his conviction was obtained based upon conflicting testimony.   As to the excessive force claim, plaintiff has alleged facts that, liberally construed, state a claim as to defendant Holley. "  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

As to any claim regarding plaintiff's conviction, plaintiff has not alleged specific facts indicating how he has been deprived of due process.  The crux of plaintiff's complaint is that the hearing officer found him guilty, and that he had to spend time in a disciplinary housing unit.  Plaintiff does allege that an inmate grievance was partially granted, but alleges no facts indicating that he was deprived of due process.    To state a claim, Plaintiff must allege facts indicating that he had a liberty interest in being free from being placed in the SHU. See  Sandin v. Conner, 515 U.S. 472, 487 (1995) (holding that a convicted inmate who had been placed in disciplinary segregation in a prison's SHU for 30 days had no cognizable procedural due process claim, because he had no liberty interest in being free from such confinement); The Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

Here, Plaintiff alleges that he spent time in disciplinary housing.  That the hearing officer believed Defendant and not another witness does not subject defendant to liability under section 1983.  Plaintiff must allege that he was deprived of a protected liberty interest.  He has not done so, and this claim must therefore be dismissed.

The complaint states a claim against Defendant Holley for excessive force. The complaint fails to state a claim for relief as to plaintiff's disciplinary hearing. The court will grant plaintiff leave to file an amended complaint. If plaintiff fails to do so, the court will direct service of process of the original complaint on the excessive force claim, and recommend dismissal of the claim regarding plaintiff's disciplinary hearing.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff

must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that the claim regarding Plaintiff's disciplinary hearing be dismissed.

IT IS SO ORDERED.

**Dated:   May 2, 2005**             **/s/  William M. Wunderlich**
mmkd34                                UNITED STATES MAGISTRATE JUDGE