IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST HOWARD SHARPLEY III,

    Plaintiff,                                 CV F 05 0182 OWW WMW P

    vs.                                          ORDER

TODD HOLLEY, et al.,

    Defendants.

       Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the June 2, 2005, first amended complaint. Plaintiff, formerly incarcerated at the Sierra Conservation Center Jamestown, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Jamestown. Plaintiff names the following individuals: Correctional Officer (C/O) Todd Holley; C/O Peter Melenchek; Sergeant T. Davis; Lieutenant L. McVey; Chief Deputy Warden S. Ornoski.

       Plaintiff sets forth two claims arising out of the same series of events that occurred while Plaintiff was housed at Jamestown. Plaintiff sought access to the pill line, which was denied. Plaintiff requested permission to speak to a sergeant. Defendant Holley ordered Plaintiff to return to his cell. Upon entering the cell, Holley noticed that an extra inmate was in the cell. Holley entered the cell and removed the television, claiming that "it appeared to have been

1

tampered with." Plaintiff became agitated and asked to speak to a sergeant. Plaintiff alleges that the following occurred: "This agitated officer Holley and petitioner was ordered to face the wall and cuff up. Petitioner was in compliance and turned toward the wall, where defendant Holley slammed petitioner into the concrete wall face-first."

Plaintiff was charged with battery on staff. The charging document stated that Plaintiff had struck Holley and that Plaintiff had to be subdued with the assistance of Melenchek. Plaintiff alleges that he did not get a fair hearing. Specifically, Plaintiff alleges that he was not allowed to call inmate witnesses (though they were able to give statements via telephone). Plaintiff contends that "the disposition could not have been based on the preponderance of evidence because the officers statements were in contradiction and Melenchek confirmed petitioner's claim, plus both inmate witness statements confirmed." Plaintiff was charged by the Tuolumne County District Attorney's Office, but those charges were "rejected."

### Disciplinary Hearing

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a

habeas corpus petition and not under § 1983.  <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

      Here, Plaintiff's allegations necessarily imply the invalidity of his conviction.  Plaintiff contends that the charges were false.  Should Plaintiff prevail on his claim, the validity of his conviction would be imperiled.   Therefore, Plaintiff may not bring a civil rights claim until his conviction has been reversed, expunged or otherwise invalidated.  There are no such allegations in the complaint.  This claim must therefore be dismissed.

Excessive Force

      The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment.  <u>Robinson v. California</u>, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny.  <u>Ingraham v. Wright</u>, 430 U.S. 651, 669, (1977).  The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified.  <u>Whitley v. Albers</u>, 475 U.S. 312, 327,(1986); <u>see</u> also <u>Graham v. Connor</u>, 490 U.S.386, 392 n.10 (1989).

      To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied.  <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective standards.  <u>Id.</u> 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'"  <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of

such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

Second, the prison officials responsible for the deprivation must act with a sufficiently culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are not acting under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.  Where a prison security measure is undertaken to resolve a disturbance, the question of whether the measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth Amendment turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Here, Plaintiff alleges facts sufficient to state a claim as to Defendant Holley.  The allegations of the first amended complaint indicate that Holley slammed Plaintiff's face into the concrete wall while Plaintiff was restrained.  As to the remaining defendants, Plaintiff has failed to charge them with any conduct that constitutes excessive force as that term is described above.  Though Plaintiff indicates that Melenchek was identified in the disciplinary report with assisting Holley, Plaintiff fails to charge Melenchek with conduct that constitutes excessive force.

Supervisory Liability

As to Defendant Deputy Warden Ornoski,  liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045

1  (9th Cir. 1989). Plaintiff does not allege any facts indicating that Defendant Ornoski
2  participated in, or knew of and failed to prevent, the alleged wrongs.
3      The first amended complaint states a claim for relief as to Defendant Holley on a claim of
4  excessive force. All other claims and defendant should be dismissed. The court will provide
5  Plaintiff with an opportunity to file a second amended complaint that cures the defects in the first
6  amended complaint. Should Plaintiff fail to file a second amended complaint, this action will
7  proceed against Defendant Holley, and the court will recommend dismissal of the remaining
8  defendants.
9      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
12 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
13 there is some affirmative link or connection between a defendant's actions and the claimed
14 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
15 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
16     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
17 make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading. This is because, as a
19 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
20 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
21 longer serves any function in the case. Therefore, in an amended complaint, as in an original
22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
23     In accordance with the above, IT IS HEREBY ORDERED that:
24     1. Plaintiff's is granted thirty days from the date of service of this order to file a
25 second amended complaint that complies with the requirements of the Civil Rights Act, the
26

Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     September 19, 2006**                  **/s/  William M. Wunderlich**
mmkd34                                                    UNITED STATES MAGISTRATE JUDGE